THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES W. BONNER, Respondent, *v.* HENRY M. GOLDFOGLE and Others, as Commissioners of Taxes and Assessments of the City of New York, Appellants. (Moneyed Capital Taxes of 1923.)

First Department, July 6, 1925.

Taxation — tax on moneyed capital coming into competition with business of National banks — relator's share of assets invested in concern dealing on commission in stocks, bonds and foreign exchange not taxable.

The relator's share of the assets of a firm engaged in the business of buying and selling stocks, bonds and foreign exchange on commission is not taxable on the basis that it comes into competition with the business of National banks.

APPEAL by the defendants, Henry M. Goldfogle and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 30th day of December, 1924, in certiorari proceedings brought to review assessments on property of the relator, under the Laws of 1923, chapter 897, amending the Tax Law and known as the Moneyed Capital Tax Law, directing that the assessment of $125,000 made by the defendants for the purposes of taxation for the year 1923, against the relator on the value of moneyed capital owned or held by the relator coming into competition with the business of National banks, be vacated and canceled.

The opinion of the Special Term is reported *sub nom. People ex rel. Broderick* v. *Goldfogle* (123 Misc. 399).

*George P. Nicholson, Corporation Counsel* [*William H. King* of counsel; *Eugene Fay* with him on the brief], for the appellants.

*Morris, Plante & Saxe* [*Martin Saxe* of counsel; *Charles R. McSparren* with him on the brief], for the respondent.

DOWLING, J.:

The relator was engaged in business solely as a member of the firm of Blyth & Bonner, his capital being employed in " the business of buying and selling stocks, bonds and foreign exchanges as brokers on a commission basis, the stocks, bonds and foreign exchange thus dealt in not being owned or held by said firm but owned by its customers and included marginal accounts, and in the case of marginal accounts such stocks, bonds and foreign exchange were pledged to and held by incorporated banks and trust companies as collateral for loans thereon."

This situation is similar to that set forth in the statement of facts concerning the relator in *People ex rel. Broderick* v. *Goldfogle* (213 App. Div. 677, and for the reasons therein assigned the present order annulling and vacating the assessment should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., FINCH, McAVOY and MARTIN, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.